UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ROBERT J. ACKEN, | Case No. 3:24-cv-00425-AR |
| Plaintiff, | |
| v. | ORDER |
| DOLLAR TREE STORES INC., | |
| Defendant. | |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Jeff Armistead issued a findings and recommendation ("F&R") in this case on October 20, 2025. The F&R recommends that defendant Dollar Tree Stores Inc.'s motion for sanctions should be granted and that plaintiff Robert J. Acken's operative first amended complaint should be dismissed with prejudice and his motion for summary judgment should be denied as moot. Plaintiff filed objections on November 3, 2025, and defendant filed a response to those objections on November 17, 2025. For the reasons stated below, the Court ADOPTS the F&R in its entirety, GRANTS defendant's motion for sanctions, DISMISSES plaintiff's first amended complaint with prejudice, and DENIES plaintiff's motion for summary judgment as moot.

A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). When a party files objections to a magistrate judge's findings and recommendation related to a dispositive motion, "the court shall make a de novo determination of those portions of the report" to which objections have been lodged. *Id.* No specific standard of review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). However, the Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend

1

that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

The F&R recommends granting defendant's request for sanctions under Federal Rule of Civil Procedure 37 and dismissing plaintiff's complaint in its entirety. This Court agrees. Although plaintiff filed multiple pages of objections, he does not specifically object to any findings made within the F&R. Most of plaintiff's objections seem to go towards his motion for summary judgment. *See, e.g.*, Pl. Objs., ECF 80, at 2 (arguing that plaintiff has provided documents showing unlawful retaliation). Since dismissal sanctions are warranted here, the Court need not and does not reach the merits of plaintiff's motion for summary judgment.

Only three of plaintiff's objections are related to the F&R—although none address the substance of the F&R's analysis. First, plaintiff argues that defense counsel has "ignored every request, denied court subpoena claiming privileged information," and that defendant and its counsel have generally "been stalling" this litigation. *Id.* at 7 (cleaned up). Second, he argues that defense counsel falsely claimed that plaintiff tried to go to defense counsel's office three times in violation of a court order. *Id.* Third, he argues generally that the F&R is "untruthful." *Id.* at 8. For the reasons that follow, none of these objections are founded.

As to the first objection, the evidence here shows that defense counsel has meaningfully participated in discovery, to the extent possible given plaintiff's behavior. Defendant served its initial disclosures on October 31, 2024, and served its first requests for production and set of interrogatories on November 12, 2024. Decl. of Bradley Krupicka Supp. Def. Mot. to Compel, ECF 50, ¶¶ 5, 13 & Exs. 4, 11; *see also* Pl. Objs. 18. The record also shows that defense counsel has participated in numerous court hearings and status conferences. *See* Pl. Objs. 22-34; Mins. of Proceedings of September 19, 2024, ECF 38; Mins. of Proceedings of December 11, 2024, ECF 41; Mins. of Proceedings of January 13, 2025, ECF 44. There is no evidence that defense counsel has stalled this case or ignored lawful requests. As the F&R correctly explains, the evidence shows that plaintiff is the only party who has failed to meaningfully participate in discovery. *See* F&R, ECF 78, at 2-7.

As to the second objection, the evidence shows that plaintiff has visited defense counsel's office building numerous times—and it does not show that defense counsel has lied about any of these visits or that they were portrayed untruthfully in the F&R. On September 19, 2024, both parties attended a telephone status conference from a shared conference room at defense counsel's office because plaintiff showed up at defense counsel's office earlier that day. Tr. of Proceedings of September 19, 2024, ECF 45, at 3. During a subsequent status conference, plaintiff admitted to showing up again at defense counsel's office. Tr. of Proceedings of December 11, 2024, ECF 46, at 13. On January 13, 2025—after he had been barred by the court from visiting defense counsel's office without permission, *see id.* at 14— plaintiff admitted to visiting defense counsel's office building to leave papers with security. Tr. of Proceedings of January 13, 2025, ECF 47, at 4-5. While there may have been some confusion regarding whether plaintiff was prohibited from visiting defense counsel's office building or merely defense counsel's personal office, *see id.* at 6-7, there is no evidence defense counsel lied about any of the visits.

Finally, as to the third objection, the Court has found no evidence showing that the F&R is in any way untruthful. Plaintiff's objections are not well founded. Moreover, none of plaintiff's objections go to the F&R's actual analysis, which is focused on plaintiff's refusal to cooperate in this litigation. Plaintiff does not argue that the F&R misdescribes his nonparticipation and he does not dispute the sanctions analysis. The Court finds no error in that analysis and agrees entirely with the F&R's findings and recommendation. The Court therefore adopts the F&R in its entirety, grants defendant's motion for sanctions, dismisses plaintiff's first amended complaint with prejudice, and denies plaintiff's motion for summary judgment as moot.

*     *     *

Having undertaken a de novo review of the objected-to portions of the F&R and underlying filings, as well as a review for clear error of the unobjected-to portions of the F&R, the Court ADOPTS in full the F&R, ECF 78. Accordingly, defendant's motion for sanctions, which is styled on the docket as a motion to dismiss, ECF 68, is GRANTED; plaintiff's first amended complaint, ECF 6, is DISMISSED

with prejudice; and plaintiff's motion for summary judgment, ECF 48, is DENIED as moot.  Judgment

shall follow.


IT IS SO ORDERED.


DATED this 16th day of April, 2026.


Adrienne Nelson
United States District Judge